IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 2:26-cr-949 |
| vs. | 18 U.S.C. § 2<br>18 U.S.C. § 1594(c)<br>18 U.S.C. §1594(d)(1)<br>18 U.S.C. §1594(d)(2)<br>18 U.S.C. §1952<br>18 U.S.C. §1956(h)<br>18 U.S.C. §1956(a)(1)(A)<br>18 U.S.C. §1956(a)(1)(B)<br>18 U.S.C. § 1594(e)<br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(1)<br>28 U.S.C. § 2461(c) |
| [redacted]<br>**ANDRII DOLINSKYI**<br>[redacted] | **SEALED INDICTMENT** |

**COUNT 1**
(Human Trafficking Conspiracy)

**THE GRAND JURY CHARGES:**

That beginning at a date unknown to the Grand Jury, but from at least in or about March 2025, continuing through in or around January 2026, in the District of South Carolina and elsewhere, the Defendants, [redacted] **ANDRII DOLINKSYI**, in and affecting interstate and foreign commerce, knowingly did combine, conspire, confederate, agree and have a tacit understanding with each other and with others both known and unknown to the Grand Jury, to recruit, entice, harbor, transport, provide, obtain, advertise, solicit, patronize, and maintain by any means, a person, and to benefit financially by receiving anything of value from participation in a venture which has recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, solicited, and maintained a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means

would be used to cause a person to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1) and (a)(2);

Manner and Means

1. It was part of the conspiracy that one or more of the conspirators recruited Victim 1 to work in commercial sex for the benefit of one or more of the conspirators.

2. It was further part of the conspiracy that one or more of the conspirators defrauded Victim 1 into engaging in commercial sex acts by promising visa assistance and then failing to provide such assistance.

3. It was further part of the conspiracy that one or more of the conspirators would use coercion within the meaning of Title 18, United States Code, Sections 1591(b)(1) and (e)(2) to obtain commercial sex acts from Victim 1.

4. It was further part of the conspiracy that one or more of the conspirators would communicate with customers to facilitate and arrange commercial sex acts.

5. It was further part of the conspiracy that one or more of the conspirators would obtain proceeds from the commercial sex acts from Victim 1 and customers.

6. It was further part of the conspiracy that one or more of the conspirators would exercise supervision and control over Victim 1 who engaged in the commercial sex acts.

7. It was further part of the conspiracy that frequently one or more of the conspirators would deprive Victim 1 of a portion of the proceeds from the commercial sex act.

8. It was further part of the conspiracy that one or more of the conspirators would use vehicles, public highways, hotels, telephones, the internet, and internet-based mobile applications to facilitate the commercial sex acts;

All in violation of Title 18, United States Code, Sections 1594(c).

**COUNT 2**
(Use of Facility of Interstate Commerce to Promote Unlawful Activity and Aiding/Abetting)

**THE GRAND JURY FURTHER CHARGES:**

Beginning at a time unknown to the grand jury but beginning at least in or around March 2025 and continuing until in or around September 2026, in the District of South Carolina and elsewhere, the Defendants, [redacted] **ANDRII DOLINSKYI,** [redacted] as principals, aiders and abettors, and co-participants in a jointly undertaken criminal activity, attempted to, and did, knowingly travel in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of South Carolina, to wit: South Carolina Code § 16-15-90, and thereafter, did perform, and attempt to perform, an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, and did aid and abet each other in the commission of the aforementioned offense;

In violation of Title 18, United States Code, Sections 1952(a)(3)(A) and 2.

**COUNT 3**
(Money Laundering Conspiracy)

**THE GRAND JURY FURTHER CHARGES:**

Beginning on a date unknown to the Grand Jury but beginning at least in or around March 2025 and continuing until in or around September 2026, in the District of South Carolina and elsewhere, the Defendants, [redacted] **ANDRII DOLINSKYI,** [redacted] as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, knowingly and willfully combined, conspired, and agreed with each other and with others, both known and unknown to the Grand Jury, to conduct and attempt to

conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, Use of Facility of Interstate Commerce to Promote an Unlawful Activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed and conducted, in whole or in part, with the intent to promote the unlawful activity, and knowing the transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i);

All in violation of Title 18, United States Code, Sections 1956(h).

FORFEITURE

TRAFFICKING:

Upon conviction for violations of Title 18, United States Code, Section 1594, as charged in this Indictment, the Defendants, [redacted] **ANDRII DOLINKSYI**, shall forfeit to the United States any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses, and any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained, directly or indirectly, as a result of such offenses.

RACKETEERING:

Upon conviction for violations of Title 18, United States Code, Section 1952, as charged in this Indictment, the Defendants, [redacted] **ANDRII DOLINSKYI,** [redacted] shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained, directly or indirectly, as a result of such offenses.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956, as charged in this Indictment, the Defendants, [redacted] **ANDRII DOLINSKYI,** [redacted] shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offense.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 1594(d),(e), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

Forfeiture Judgment:

A sum of money representing all property involved in the money laundering offense committed by each Defendant as charged in the Indictment, and all interest and proceeds traceable thereto and a sum of money representing all proceeds derived from or traceable to proceeds the Defendants individually obtained, directly or indirectly, as a result of the trafficking and racketeering offenses.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 1594(d),(e), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: Katherine Orville
Katherine Orville (#13332)
Assistant United States Attorney
174 Meeting Street, Suite 200
Charleston, South Carolina 29401
Katherine.Orville@usdoj.gov